UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL<br>DIVERSITY et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>THE INTERIOR et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 19-789<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

This matter comes before the Court on defendants' motion [12] to transfer venue in this case to the United States District Court for the District of Utah. Upon consideration of the motion, the opposition and reply thereto, and the record herein, the motion is **GRANTED**.

This case concerns a challenge resulting from an Environmental Assessment that the United States Department of the Interior Bureau of Reclamation prepared and executed out of its Utah field office. Underlying the issues herein is the Green River Block Exchange Contract, a contract between the State of Utah and the United States for the parties to exchange an equal amount of water in the Green River so as to meet the parties' various environmental goals and obligations under the Endangered Species Act, with the added benefit of allowing Utah to develop its water rights pursuant to the Upper Colorado River Compact of 1948.

Plaintiffs are the Center for Biological Diversity, headquartered in Arizona, and three groups headquartered in Utah—Living Rivers, Colorado Riverkeeper, and Utah Rivers Council. Each plaintiff has members in Utah, and allege that their "recreational, cultural, inspirational, educational, aesthetic, and other interests" are injured. Compl. ¶¶ 13–17, ECF No. 1.

Although plaintiffs' choice of forum is always considered in connection with a motion to transfer venue under 28 U.S.C. § 1404(a), this Court agrees with defendants that the forum that is most convenient for the people "whose rights and interests are in fact most vitally affected by the suit" should be the forum that resolves the controversy, particularly when none of the plaintiffs have any meaningful connection with the District of Columbia. *Adams v. Bell*, 711 F.2d 161, 167 n.34 (D.C. Cir. 1983). Although one of the plaintiffs has one of its sixteen field offices here, the challenged decisions were not made and prepared in the District of Columbia; they were all made and prepared in Utah. The alleged impact of the decision will be in Utah, not here. Indeed, the State of Utah and the Utah Board of Water Resources have now filed a motion [24] to intervene in this case.

This case will likely be decided on the administrative record and cross-motions for summary judgment, so at this stage convenience of the parties and witnesses seems unlikely to weigh one way or the other. In such circumstances, the location of plaintiffs' counsel is of little significance.

Accordingly, this case shall be transferred to the United States District Court for the District of Utah.

Plaintiffs' motion [13] to stay proceedings until the motion to transfer is decided is now **DENIED** as moot.

The motion to intervene is not yet ripe, so it will be decided by the transferee court, which upon receipt of the file herein will undoubtedly be prepared to deal with a motion to schedule further proceedings herein, filed jointly if possible, separately if necessary.

August 20, 2019

_____
Royce C. Lamberth
United States District Judge